UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD J. PIEMONTE, SUZZANNE E. PIEMONTE**, <br><br> Plaintiffs, <br><br> v. <br><br> **VIKING RANGE, LLC,** *et al.* <br><br> Defendants. | Civ. No. 2:16-cv-03971 (WJM) <br><br><br> OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiffs Ronald J. Piemonte and Suzzanne E. Piemonte filed this products liability action against Viking Range, LLC ("Viking"). Viking now moves to dismiss Plaintiffs' Complaint on *res judicata* grounds. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Viking's motion to dismiss is **GRANTED**.

I.   BACKGROUND

   A.   *Piemonte I*

In November 2013, Plaintiffs filed a Complaint in the Superior Court of New Jersey against, *inter alia*, Viking, asserting claims for violations of the New Jersey Consumer Fraud Act ("CFA") and the New Jersey Products Liability Act ("PLA"). *Piemonte v. Viking Range, LLC.*, D.N.J. No. 14-cv-00124 ("*Piemonte I*"), ECF No. 1 (Compl.). Ronald and Suzzanne Piemonte were named Plaintiffs who sued on behalf of themselves in their individual capacities, as well as on behalf of a proposed class of other New Jersey residents who purchased Viking refrigerators. *Id.* ¶ 27. The basis for the Piemonte' individual claims was that they had purchased a Viking refrigerator that had been recalled, were not notified of the recall, and suffered injury when that refrigerator's door detached on July 7, 2013. *Id.* at ¶ 12. They sought, *inter alia*, personal injury damages. *Id.*

In January 2014, Viking removed the action to this Court. *Id.* In February 2015, the Court dismissed Plaintiffs' Complaint without prejudice. *See Piemonte I*, 2015 WL 519144 (D.N.J. Feb. 9, 2015). The Court found, *inter alia*, that Plaintiffs' CFA claim was subsumed by the PLA because Plaintiffs had failed to identify any specific representations

made by Viking. *Id*. The Court dismissed Plaintiffs' PLA claim because it failed to satisfy the requirements of Federal Rule of Civil Procedure 23(b). *Id*.

Plaintiffs subsequently filed an amended Complaint, and moved for reconsideration of the Court's dismissal of their first Complaint. *Piemonte I*, ECF Nos. 50, 51. Thereafter, Viking moved to dismiss the amended Complaint. ECF No. 53. In September 2015, this Court entered an Opinion and Order denying reconsideration of its February 2015 Opinion, and dismissing the amended Complaint with prejudice because Plaintiffs had failed to cure the defects in their original Complaint. *Piemonte I*, 2015 WL 5666148 (D.N.J. Sept. 25, 2015).

Plaintiffs neither moved for reconsideration of this Order, nor appealed the decision.

### B. *Piemonte II*

In May 2016, Ronald and Suzzanne Piemonte filed a new action in the Superior Court of New Jersey against Viking. *Piemonte v. Viking Range, LLC*., D.N.J. No. 2:16-cv-03971 ("*Piemonte II*"), ECF No. 1, Ex. A (Compl.). In July 2016, Viking removed the action to this Court. *Id*. This time, the action was only filed on behalf of Ronald and Suzzanne Piemonte in their individual capacities, and not on behalf of a putative class. Plaintiffs claim that Suzanne Piemonte was injured when the door on the Piemonte's Viking refrigerator detached due to its defective door hinge. *Id*. ¶¶ 30-37. They raise claims under the PLA for the personal injury damages they suffered due to the refrigerator door detachment. *Id*. at ¶¶ 55-60.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. DISCUSSION

Viking argues that the current action must be dismissed on res judicata grounds. The Court agrees.

Res judicata, or claim preclusion, bars a subsequent suit where there has been: "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *E.E.O.C. v. U.S Steel Corp.,* 921 F.2d 489, 493 (3d Cir. 1990) (citations omitted); *see also Marmon Coal Co. v. Dir., Office of Workers' Compensation Programs,* 726 F.3d 387, 394 (3d Cir. 2013) ("Res judicata bars a party from initiating a subsequent suit against the same adversary based on the same cause of action as a prior suit." (citations omitted)). "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." *Duhaney v. Att'y Gen.,* 621 F.3d 340, 347 (3d Cir. 2010).

The present action is barred by res judicata. First, *Piemonte I* was dismissed with prejudice, which constitutes a final judgment on the merits for purposes of res judicata. *See Petrossian v. Cole*, 613 F. App'x 109, 111–12 (3d Cir. 2015) ("A dismissal with prejudice constitutes an adjudication on the merits 'as fully and completely as if the order had been entered after trial.'" (quoting *Gambocz v. Yelencsics,* 468 F.2d 837, 840 (3d Cir. 1972)). Second, the action involved the Piemontes' identical claims against Viking under the PLA for damages resulting from their faulty refrigerator door. Because *Piemonte II* is a "subsequent suit against the same adversary [Viking] based on the same cause of action as [the cause of action in *Piemonte I*]," it is barred. *Marmon,* 726 F.3d at 394.

Plaintiffs argue that res judicata does not apply because the Court's September 2015 Order dismissed their PLA claim for failure to satisfy the class action requirements of Rule 23(b), and not because their individual claims failed on the merits. But the specific basis for the prior action's dismissal does not affect its preclusive effect. *See, e.g., Kreidie v. Sec'y, Pennsylvania Dep't of Revenue*, 574 F. App'x 114, 118 (3d Cir. 2014) (res judicata applies even when district court does not state whether dismissal is with prejudice or not, so long as it is the same claim against the same parties). Moreover, if Plaintiffs believed that the Court's ruling should have been limited to the class claims, rather than also encompassing their individual PLA claims, they could have moved for reconsideration of that decision or filed an appeal. Plaintiffs did neither, and are now barred from asserting those claims. *Duhaney,* 621 F.3d at 347. Finally, courts have long recognized that named Plaintiffs in a class action are barred by res judicata from bringing a subsequent action on their individual claims. *See, e.g., Katz v. Carte Blanche Corp.*, 496 F.2d 747, 758–59 (3d Cir. 1974) (noting that judgment against Plaintiffs in class action would protect Defendants from future claims by named Plaintiffs but not necessarily against claims by other class members); *White v. Colgan Elec. Co.,* 781 F.2d 1214, 1216 (6th Cir. 1986) ("By necessity, therefore, as [Plaintiff] was a named plaintiff in [the prior class action], his claims were addressed by the court in that action"); *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984) (same).

Accordingly, the Court will **GRANT** Viking's motion to dismiss. The Complaint is **DISMISSED WITH PREJUDICE.**

**IV.  CONCLUSION**

For the reasons stated above, Viking's motion to dismiss is **GRANTED**. The Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 16, 2016**